IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW L. RUSH                                                               PLAINTIFF

V.                     Civil No. 2:16-cv-02270-PKH-MEF

NANCY A. BERRYHILL, Commissioner
Social Security Administration[1]                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Matthew Rush, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    PROCEDURAL BACKGROUND:**

Plaintiff filed his applications for DIB and SSI on August 17, 2011, alleging an onset date of February 1, 2011, due to congestive heart failure ("CHF"), crushed disks, sleep apnea, and chronic obstructive pulmonary disease ("COPD"). (ECF No. 12, pp. 153-159, 182, 197-198, 217-218). On November 8, 2012, following a hearing, an Administrative Law Judge

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

("ALJ") entered an unfavorable decision. (ECF No. 12, pp. 31-39, 445-453). Plaintiff appealed said decision to this Court, and the matter was remanded to the Administration for further proceedings on April 21, 2015. (ECF No. 12, pp. 473-480).

On January 6, 2016, the ALJ held a supplemental administrative hearing. (ECF No. 12, pp. 400-441). Plaintiff was present and represented by counsel.

On July 27, 2016, the ALJ concluded that the Plaintiff's sleep apnea, obesity, degenerative disk disease ("DDD"), major depressive disorder, panic disorder with agoraphobia, and personality disorder - not otherwise specified were severe, but he also concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 12, pp. 377-392, 445-453). The ALJ found Plaintiff capable of performing sedentary work involving occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and simple, routine, and repetitive tasks involving only simple, work related decisions with few, if any, workplace changes in a setting with no more than incidental contact with coworkers, supervisors, and the general public. Additionally, the ALJ concluded Plaintiff must avoid moderate exposure to fumes, odors, dusts, gases, poor ventilation, and similar environments. With the assistance of a vocational expert, he then determined Plaintiff could perform work as an addresser, ticket counter, and stuffer.

Subsequently, Plaintiff filed this action. (ECF No. 1). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF No's. 13, 14).

## II.     APPLICABLE LAW:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the decision of the ALJ. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder considers the Plaintiff's age, education, and work experience in light of his residual functional capacity, only if he reaches the final stage. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. DISCUSSION:

On appeal, Plaintiff raises several issues: (1) whether his impairments meet Listing 3.02 for chronic pulmonary insufficiency; (2) whether the ALJ's failure to include COPD as a severe impairment constitutes reversible error; (3) whether the ALJ properly evaluated the medical source evidence and his credibility in determining Plaintiff's RFC; and, (4) whether the ALJ made a proper step five determination. Following a thorough review of the record, the undersigned finds that remand is necessary.

Plaintiff consistently reported pain radiating into both legs and numbness in his extremities. Physical examinations revealed tenderness to palpation and range of motion deficits. CT scans and MRIs documented grade 1 anterolisthesis of the lumbar spine, neuroforaminal stenosis, central canal stenosis, and a central disk protrusion at the C6-7 level.

As a result, doctors prescribed medications to include Cyclobenzaprine (muscle relaxer), Hydrocodone (narcotic pain medication), Meloxicam (anti-inflammatory), and Gabapentin (pseudo neurotransmitter).

On September 13, 2011, Dr. Jonathan Norcross, a non-examining State agency medical consultant, reviewed Plaintiff's medical records and concluded he would have the following work restrictions: could carry/lift 20 pounds occasionally and 10 pounds frequently; could sit, stand, and walk about 6 hours in an 8-hour work-day; could occasionally climb, balance, stoop, kneel, crouch, and crawl; and, must avoid moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (ECF No. 12, pp. 270-277). On February 3, 2012, Dr. Jim Takach, also a non-examining State agency medical consultant, reviewed Plaintiff's medical records and affirmed Dr. Norcross' assessment. (ECF No. 12, pp. 287-290).

On August 6, 2012, Plaintiff's treating practitioner, Advanced Practical Nurse Jonathan Broniste, completed an RFC assessment.[2] (ECF No. 12, pp. 339-341, 616-618). He indicated that the Plaintiff would need an assistive device to stand, walk, and balance; would need to alternate sitting and standing at 15-minute intervals or less; and, would need to rest at hourly intervals or less. Further, APN Broniste reported the Plaintiff could sit in a straight chair for a total of five minutes, stand for one hour (10 minutes uninterrupted), and walk for a total of two hours (10 minutes uninterrupted) during an eight-hour workday. Additionally, Plaintiff could

---

[2]The regulations state that only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, provide medical opinions, and be considered treating sources. 20 C.F.R. §§ 404.1527(a)(2), (d) and 416.927(a)(2), (d) (2007). Other sources, including nurse-practitioners, however, may provide insight into the severity of the impairments and how they affect the individual's ability to function. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *see also* SSR 06–3p.

5

frequently lift/carry up to 10 pounds and occasionally lift up to 25 pounds, but rarely lift over 25 pounds. Due to numbness in the hands and feet, his ability to operate foot controls and use his upper extremities was also limited. APN Broniste opined Plaintiff could never squat, balance, climb ladders and scaffolds, or work near unprotected heights; rarely work in extended positions, work overhead, finger bilaterally, bend, stoop, crouch, kneel, or climb stairs; and, occasionally work above shoulder level, grasp bilaterally, and crawl. Further, due to his shortness of breath, which was not responsive to medication, he needed to avoid marked exposure to extremes and sudden or frequent changes in temperature and/or humidity as well as respiratory irritants. According to APN Broniste, Plaintiff was also moderately limited with regard to driving/riding in automotive equipment and activities requiring fine visual acuity.

On March 7, 2016, Dr. Ted Honghiran conducted a consultative orthopedic examination of the Plaintiff. (ECF No. 12, pp. 944-947). An examination revealed a moderately overweight man who moved slowly due to his weight. He was able to get on and off the exam table without assistance, but could not walk on his tiptoes or heels. Dr. Honghiran noted tenderness along the lower lumbar region with no muscle spasm and the ability to flex only 60 (60/90) degrees and bend side to side 10 degrees (10/25) with pain. Plaintiff also exhibited decreased sensation in the plantar aspects of both feet. Dr. Honghiran diagnosed morbid obesity and grade 1 spondylolisthesis at the L5-S1 area. He opined that the Plaintiff's prognosis was very poor because his condition was chronic and slowly deteriorative. The doctor felt Plaintiff needed pain and anti-inflammatory medications and would benefit from weight loss.

Dr. Honghiran opined that the Plaintiff could frequently lift/carry up to 20 pounds, occasionally up to 50 pounds, and never more. (ECF No. 12, pp. 948-953). Further, he was able to sit for one hour uninterrupted for a total of four hours and stand and walk for 30 minutes uninterrupted for a total of two hours each. Plaintiff could walk one-half block without assistance. He could occasionally use his hands for pushing/pulling, climb stairs and ramps, and be exposed to unprotected heights and moving mechanical parts, but he could never climb ladders or scaffolds.

Plaintiff reported difficulty sitting and testified that he could sit in a straight chair, "Not very long, probably five to 10 minutes as far as sitting up. If I stay slouched over probably a little longer." (ECF No. 12, p. 204, 224, 415). Although he had also testified he could sit in a recliner for five to six hours per day, we can ascertain no evidence to suggest that sitting in a recliner meets the definition of sitting contemplated by the regulations. (ECF No. 12, p. 494). Additionally, Plaintiff's function reports reveal very limited physical activity. (ECF No. 12, pp. 199-206, 219-226).

Despite this evidence, the ALJ gave controlling weight to the sitting limitations imposed by Dr. Norcross and Dr. Takach, the two non-examining physicians, finding Plaintiff capable of performing sedentary work. *Jenkins v. Apfel,* 196 F.3d 922, 925 (8th Cir. 1999) (holding non-examining physician, standing alone, does not constitute substantial evidence on the record in the face of conflicting assessment of treating physician). Sedentary work requires the ability to sit for six hours out of an eight-hour workday. SSR 83-10. Because the evidence does not make clear that the Plaintiff can sit for the requisite time period, we find that remand is necessary to allow the ALJ to consider this further.

Based upon the consultative examinations of Dr. Robert Spray, Jr., and Dr. Terry Efird, it also appears the Plaintiff's mental limitations are more limited than is reflected in the ALJ's RFC, which essentially limits the Plaintiff to unskilled work.  On January 3, 2013, Dr. Spray assessed marked to severe limitations in Plaintiff's ability to demonstrate reliability, interact with supervisors or coworkers, deal with work stresses, maintain attention and concentration, complete a normal workday and workweek, and respond appropriately to changes in the workplace.  (ECF No. 12, pp. 20-27, 619-626, 640-647).  Similarly, in February 2016, Dr. Efird opined that the Plaintiff would have marked limitations in his ability to make judgments on complex work-related decisions and moderate to marked limitations with regard to making judgments on simple work-related decisions; understanding, remembering, and carrying out complex instructions; interacting appropriately with the public, supervisors, and co-workers; and, responding appropriately to usual work situations and changes in a routine work setting.  (ECF No. 12, pp. 930-932).  He also indicated that the Plaintiff would have difficulty completing tasks in a timely manner, due to his slow mental pace of performance.  Accordingly, on remand, the ALJ should also reconsider the Plaintiff's mental RFC.

Lastly, there is a question as to whether the Plaintiff meets the requirements of Listing 3.02 for chronic pulmonary insufficiency.  Because this listing was not specifically addressed by the ALJ, despite evidence documenting Plaintiff's diagnoses of COPD and asthma, the ALJ is also directed to specifically address this listing on remand.

### IV.    CONCLUSION:

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of January 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE